ADDA L. ·ARNOLD, Appellee, v. THE CITY OF WATERLOO, Appellant.

**Sidewalks:** INJURY TO PEDESTRIAN: NEGLIGENCE: KNOWLEDGE OF DEFECTS.· The mere knowledge of a pedestrian that a walk over which he assumes to pass is defective, is not under all circumstances sufficient to establish negligence as a matter of law. In the instant case the question of plaintiff's negligence was properly submitted to the jury.

*Appeal from Black Hawk District Court.*— HON. FRANKLIN C. PLATT, Judge.

WEDNESDAY, JULY 12, 1905.

ACTION to recover damages for a personal injury caused by a defective sidewalk. From a judgment on verdict in favor of plaintiff, defendant appeals.—*Affirmed.*

*Miller & Williams* and *B. F. Swisher,* for appellant.

*J. T. Sullivan,* for appellee.

BISHOP, J.— At the close of the evidence for plaintiff, defendant moved for an instructed verdict, one of the grounds assigned being that plaintiff had failed to make it appear that at the time of her accident she was herself in the exercise of due care. The motion was overruled, and such ruling is made the basis of the sole contention for error.

Taking the view of the evidence most favorable to plaintiff, as we are required to do, the jury was authorized to find the facts to be as follows: Plaintiff resides in Shellsburg, and on the morning of the day in question (January

19th) had gone to Waterloo for a visit. Her accident oc-curred in a residence section of the city, and on the sidewalk in front of what is called the " Weaver Property." She had no previous knowledge as to the condition of the walk, and as she entered upon the same she discovered that it was covered with rough, rounded, and uneven snow and ice; the general condition, as described, being that of a walk upon which snow had fallen, melted, and, after being tramped through by persons passing that way, frozen again. Plaintiff says that snow was piled up a foot or so high on each side of the walk; that she did not think the walk was in a dangerous condition so that she could not get over it all right with care; and that in passing along she went " very quietly, easily, and slow." Further, she says that she got along without trouble until she stepped upon a place which, in addition to being rough, irregular, and slippery, was sliding or slanting, when her feet slipped, went out from under her, and she fell.

Accepting such to be the facts, we think that the question whether plaintiff was in the exercise of due care at the time of her accident was fairly one for the jury. The mere fact that a foot passenger has knowledge that a sidewalk over which he assumes to pass is defective in some respect is not always sufficient of itself to foreclose the question of due care. Negligence involves not only a knowledge of the defect, but an appreciation of the danger to be apprehended therefrom. Hence it is that, if the danger attending the use of a sidewalk is not so open and obvious as to suggest itself in an appreciative way to the mind of an ordinarily prudent person, an entry upon such walk cannot be said to amount to negligence, as matter of law. The following are among our recent cases on the subject: *Nichols v. Laurens,* 96 Iowa, 388; *Graham v. Oxford,* 105 Iowa, 705; *Bailey v. Centerville,* 115 Iowa, 275; *Hollingsworth v. Fort Dodge,* 125 Iowa, 627.

In the instant case it will be observed that plaintiff

found herself between the banks of snow piled up on each side, with the available walk in front of her covered by rough and uneven snow and ice. While she might have turned back and sought out some other way to reach her destination, it seems that she elected to attempt a passage over the walk, and in doing this she proceeded slowly and cautiously. If this were all, and accordingly the whole case was comprehended in the statement as thus made, still, as favoring the city, whose duty it was to keep the walk in repair, we should not feel disposed to say conclusively that plaintiff, as a reasonably prudent person, had no right to believe, as she says she did believe, that she could pass the walk in safety. But aside from this, and conceding that the rough and irregular surface of the snow and ice was apparent to the observation of plaintiff as she entered upon the walk, yet it is manifest to us that the further evidence warranted a finding that the immediate and hence proximate cause of her accident was the sliding or slanting, as well as slippery, condition of the walk at the place where her fall in fact occurred. Now, we think it must be said that the danger to be apprehended from such place differed essentially in character and degree from the danger incident to the general rough and irregular condition of the ice and snow on the walk; and there is nothing in the record to indicate that, when she entered upon the walk, plaintiff either knew, or, as a matter of law, was bound to anticipate, that her feet would encounter such place of danger with the probable result as now by her complained of. This being true, we may even go so far as to confine the question at issue, in respect of its subject-matter, to the immediate place and cause of the accident, and therefrom find abundant room to conclude that a case was made to go to the jury.

The case was submitted upon proper instructions, and we conclude there was no error. Accordingly the judgment is *affirmed*.