[Civ. No. 422.   Second Appellate District.—December 11, 1907.]

## MIRIAM GARDNER and KATHERINE GARDNER, Appellants, v. SAN GABRIEL VALLEY BANK, Respondent.

EASEMENT RESERVED IN DEED—CONSTRUCTION—FINDING AGAINST OWNERSHIP—QUESTION OF LAW—REVIEW UPON APPEAL.—Where an easement is reserved in a deed, and the nature of it, whether in gross or as an appurtenance to land, is to be determined by the construction of a deed set forth in the findings, a finding against the ownership of the easement by the successors in interest of the grantor is not a finding of an ultimate fact, to be reviewed only for insufficiency of the evidence, but is of a conclusion of law, and raises a question of law as to the proper construction of the deed, which may be determined from the judgment-roll alone.

ID.—PRESUMPTION OF APPURTENANCE—ASSIGNABILITY.—An easement reserved in a deed is never presumed to be attached to the person of the grantor, when it can be fairly construed to be appurtenant to some other estate.  The reservation is to be interpreted in favor of the grantee, and the easement is to be deemed appurtenant, when the servitude is assignable by its terms, and tends to increase the value of the estate to which it is attached.

ID.—RESERVATION OF ACCESS TO STAIRWAY—FUTURE USE FOR SECOND STORY.—The present reservation of access to a stairway to the second story of a two-story building erected on the land granted, for the benefit of a second story to be erected in future on the adjoining one-story building of the grantor, makes it no less an appurtenance, because not actually used as such at the time of the conveyance.

ID.—EFFECT OF MERE NONUSER.—The mere nonuser of an easement reserved in a deed for any length of time will not operate to impair or defeat the right.

ID.—RIGHT OF GRANTEES TO USE OF STAIRWAY—INCIDENTAL RIGHTS.—The right to the future use of the easement in the stairway, as appurtenant to the land of the grantor, who reserves it as a servitude upon the land of defendant bank, appurtenant to his land, passed with it to his grantees, by his conveyance of the land to them, which carries with it such other incidental rights as were necessary to the full enjoyment of the servitude in defendant's stairway, upon the addition of a second story to their building.

ID.—EFFECT OF CUSTOM AND USAGE—BARRICADE NOT ALLOWABLE.—Incidents to be implied from custom and usage, and the conditions surrounding the parties to the contract when it was made, are to be

considered by the court; but no custom or usage could sustain the erection or maintenance of a barricade or interference with the free and convenient use of the stairway by plaintiffs and their tenants that would destroy the easement itself.

ID.—REASONABLE PROTECTION OF ENTRANCE TO STAIRWAY.—The question of what is a reasonable protection of the entrance to the stairway is matter for the trial court to consider in the light of the evidence introduced.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

Frank James, Craig & Wood, and Volney H. Craig, for Appellants.

Wright, Bell & Ward, for Respondent.

TAGGART, J.—This is an action to quiet plaintiffs' title to an easement, and to restrain defendant from interfering with the use by plaintiffs and their tenants of a stairway in the rear of defendant's building, and the maintenance by said tenants of their professional and business signs in the passageway and entrance to said stairway, such right being claimed under an easement alleged to have been created by deed.

Judgment was for defendant and plaintiffs appeal from the judgment.

From the findings it appears that during the year 1886 one Chas. A. Gardner, who was the owner of a lot numbered 1 on a certain subdivision of lands situate in the city of Pasadena (said lot being located at the southeast corner of Colorado street and Fair Oaks avenue of that city), entered into an agreement to sell to Bates and Janes the north seventy-five feet of said lot.   Bates and Janes, in September, 1886, conveyed to defendant their interest in the lot acquired under the agreement.   On April 9, 1887, Gardner made a conveyance of the seventy-five feet to defendant by a deed, a copy of which is attached to the complaint and marked "Exhibit A" and contains the following reservation:

"Reserving the following specified rights in the granted premises to the grantor, his heirs, executors, administrators and assigns, against the grantee, its successors and assigns:

"1. Whereas, the said grantee has erected on the premises hereby conveyed, a brick building with a stairway four feet and six inches wide at the south end thereof (being the south end of the premises hereby conveyed and facing on Fair Oaks avenue), it is agreed and understood that said stairway shall be perpetually maintained as shall give access therefrom to the second floor or story of the said brick building now owned by the party of the first part and said first party shall have the right to use said stairway wholly at the cost of the grantee for erection and maintenance thereof.

"And it is a condition of this conveyance that if said stairway shall cease to exist and shall not be restored immediately the grantor shall be entitled to build and maintain in the place and instead thereof a stairway of equal width and size, or less if he prefer, for his exclusive use until said destroyed stairway shall be restored by the grantee for use on the conditions now existing as to the present stairway.

"2. Provided, further, and upon condition that whenever said brick building of the grantor shall be built so as to have two or more stories, the owner thereof shall have the right of support therefrom in the adjoining wall of said bank building, so high as said bank building wall shall have been erected, such support to be made or obtained in good workmanlike manner without injury to the building used."

Prior to the date of that deed, and while holding possession under the agreement, the defendant erected upon the said north seventy-five feet a two-story brick building, a part of the first floor of which was to be used for its banking business. At the south end of and within said building a stairway leading from Fair Oaks avenue to the second floor of the bank building was constructed. Before making the deed to the defendant, Gardner had built the one-story building, mentioned in the reservation in the deed, on the remaining portion of lot 1, the north wall of which building joined the south wall of the bank building.

On September 27, 1894, Gardner and his wife granted and conveyed to Katherine Gardner, one of the plaintiffs, and Edith M. Gardner, the south fifty feet of lot 1 with the one-story building thereon, and on April 1, 1904, Edith M. Gardner granted to the other plaintiff, Miriam Gardner, all her estate in said south fifty feet of lot 1. During the month of

July, 1904, plaintiffs erected a second story on their said one-story building, and constructed thereon five offices or rooms for rent to tenants, and caused an opening to be cut through the south wall of defendant's building to serve as a passage-way to the stairway in defendant's building and since the completion of plaintiffs' second story, their tenants have used defendant's stairway and said opening as a way to and from said second story of plaintiffs' building. Plaintiffs' tenants placed signs in defendant's stairway, indicating their offices and business, which were removed by defendant because the latter claimed that neither plaintiffs nor their tenants had any right to the use of said stairway for any purpose. Defendant also placed doors at the entrance of said stairway.

The court further finds: "That defendant has not at all times, up to the twenty-first day of July, 1904, or at all (otherwise than as expressed in said deed 'Exhibit A'), acquiesced and consented to the use by plaintiffs and their tenants of all the rights, privileges and easements so claimed by plaintiffs, or any of them." That no use of said stairway was made by plaintiffs or their tenants prior to the erection of their said second story; and "That the plaintiffs are not and have not been since the deeds of conveyance to them as aforesaid, the owners of the right, privilege or easement of using said entrance to defendant's bank building and said stairway and landing, for the purpose of reaching the second story of plaintiffs' said building, or otherwise."

Respondent contends that the finding that plaintiffs are not the owners of the easement is of an ultimate fact, and cannot be modified by the other findings which are characterized as findings of probative facts. (*Smith* v. *Acker,* 52 Cal. 217; *Perry* v. *Quackenbush,* 105 Cal. 299, [38 Pac. 740].)

It is true that ownership may be pleaded and found as an ultimate fact, but it is equally true that it may be pleaded as a conclusion of law, and may be determined by the court as such a conclusion and not a fact. (*Levins* v. *Rovegno,* 71 Cal. 273, [12 Pac. 161].) In a case where ownership is purely a question of fact it can, of course, be considered only upon a record bringing up the evidence from which the ultimate fact was deduced, or upon a judgment-roll from which it appears that ownership was found as an inference of fact

entirely from the other facts found. (*Geer* v. *Sibley*, 83 Cal. 4, [23 Pac. 220].) But it is also the case that, if the court must determine the ownership by the construction of a writing or the mere application of the proper legal principles to the facts already found by the court, it is a question of law and may be determined from the judgment-roll alone. (*Savings & Loan Soc.* v. *Burnett*, 106 Cal. 539, [39 Pac. 922].)

Whether a finding of ownership in a particular case be the finding of an ultimate fact or of a conclusion of law, then, must depend upon the issues to be tried. Plaintiffs claim a right of passage over defendant's stairway by virtue of the reservation in "Exhibit A." The answer admits whatever right was created in Charles A. Gardner by that instrument but denies that that deed granted to Gardner, his heirs and assigns, the rights and privileges which plaintiffs claim exist thereunder, or that plaintiffs succeeded to such rights. Defendant also pleads an extinguishment by nonuser of the servitude imposed upon its property by the deed, "Exhibit A."

Taking all the findings together, it is apparent that the question of ownership in this case was determined by the trial court by a construction of the deed, and upon the theory that the admitted reservation in the deed created an easement in gross and not one which was appurtenant to the fifty feet of lot 1, which was retained by Gardner when he conveyed the other seventy-five feet to the defendant. There is no doubt, then, that this court can consider the questions presented on this appeal and determine them from the record presented.

Examining the deed of April 9, 1887, and the circumstances surrounding its execution, it is clear that the reservation therein was intended to be for the benefit of the south fifty feet of lot 1. No reason or motive for the reservation of a servitude in gross is apparent, and the instrument itself, by its very terms, contemplates the use of the stairway in connection with the building of Gardner (then but one story) adjoining defendant's building to the south. The clause in the instrument reserving the right to support from defendant's south wall "whenever said brick building of the grantor shall be built so as to have two or more stories," es-

tablishes a state of facts which render inapplicable the authorities cited by respondent to support the position that an easement does not pass as an appurtenance unless it was actually appurtenant at the time of the conveyance. The parties themselves by their contract have declared the easement created to be a right to be exercised in the future, though created presently.

An easement is never presumed to be attached to the person of the grantor, when it can fairly be construed to be appurtenant to some other estate. (*Hopper* v. *Barnes*, 113 Cal. 639, [45 Pac. 874].) This rule is strengthened in its application to this case by the statutory provision that a reservation in a grant is to be interpreted in favor of the grantor (Civ. Code, sec. 1069; Code Civ. Proc., sec. 1864), as the appurtenant servitude is assignable and tends to increase the value of the estate to which attached.

The easement having been acquired by deed, no length of time of mere nonuser will operate to impair or defeat the right. (Washburn on Easements, 640.) This is consonant with the rule of our code which provides for the extinguishment of servitudes by ''disuse'' only when acquired by enjoyment. (Civ. Code, secs. 806, 811, subd. 4; *Smith* v. *Worn*, 93 Cal. 212, [28 Pac. 944].) The right to use the stairway, being appurtenant to the south fifty feet of lot 1, passed to the plaintiffs with the conveyance of that property to them. (Civ. Code, sec. 1104.) It carried with it also such other and incidental rights as were necessary to the full enjoyment of the servitude imposed upon defendant's building by the reservation in the Gardner deed. (Civ. Code, sec. 1084.)

As the case must go back for retrial, the trial court must determine from the evidence before it what incidents were to be implied from custom, usage and the conditions surrounding the parties to the contract at the time it was made. No custom or usage, however, could sustain the erection or maintenance of a door at the entrance to the stairway which would be a barricade or interfere with the free and convenient use of the stairway by plaintiffs and their tenants. (*Teachout* v. *Capital Lodge, etc.*, 128 Iowa, 380, [104 N. W. 442].) This would destroy the easement itself. The question of what is a reasonable protection of the entrance to the

stairway is a matter for the trial court to consider in the light of the evidence introduced.

Judgment reversed and cause remanded for a new trial.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 10, 1908.