358 P.2d 167

**STATE TAX COMMISSION of the State of Arizona, Appellant,**

v.

**MURRAY COMPANY OF TEXAS, INC., a corporation, Appellee.**

No. 6853.

Supreme Court of Arizona.

Dec. 30, 1960.

Wade Church, Atty. Gen., Leslie C. Hardy, Asst. Atty. Gen., and Stanley Z. Goodfarb, Asst. Atty. Gen., for appellant.

Evans, Kitchel & Jenckes, Phoenix, for appellee.

PER CURIAM.

The cause was presented to this Court by the State Tax Commission of Arizona on the theory that the Murray Company of Texas in selling its products and in doing

certain work had engaged in sufficient localized activities within this State so that a tax could be lawfully imposed on all sales in the State of Arizona. We held in our decision of March 30, 1960 [87 Ariz. 268, 273, 350 P.2d 674, 678]:

"This fact [consignment of gin repair parts] therefore when taken into consideration with the other facts above-related we believe is insufficient to constitute a localization of its activities in the State of Arizona to to the degree that we can say its sale of gins and steel buildings in the manner stated in the stipulation of fact, had the effect of transmuting what would otherwise be purely an interstate transaction into an intrastate transaction and subject it to the imposition of the privilege sales tax under the provisions of A.R.S. § 42–1301 et seq."

No question was raised as to the sufficiency of the Arizona Transaction Privilege Taxes Act to reach the sales if made within Arizona. Any statements in the decision that the circumstances of the case did not put plaintiff in business in Arizona in any degree were to characterize plaintiff's sales of gins and buildings as interstate rather than intrastate activities and, hence, not amenable to the Arizona enactment.

We restate our conclusions. (1) Plaintiff's sales of gins and steel buildings were interstate and not intrastate transactions;

(2) Plaintiff's other business activities did not convert such sales into intrastate transactions; and (3) As interstate transactions the questioned sales are protected by the interstate commerce clause of the Federal Constitution.

NOTE: The Honorable JESSE A. UDALL and RENZ L. JENNINGS, having been seated on this Court since the publication of the opinion, took no part in the decision.

Further NOTE: Justice CHARLES C. BERNSTEIN, being disqualified, the Honorable LAURENS L. HENDERSON, Judge of the Superior Court, Maricopa County, was called to sit in his stead and participate in the determination of this decision.