Rockingham,
No. 5430.

PAUL E. MOLLOY & a. v. EXETER & a.

Argued January 4, 1966.
Decided March 30, 1966.

*Shute & Engel ( Mr. David C. Engel* orally ), for the plaintiffs.

*George R. Scammon* and *Robert G. Whitman* ( *Mr. Whitman* orally ), for the town of Exeter.

WHEELER, J. Petition for a temporary injunction seeking to restrain the town of Exeter from condemning certain land owned by the plaintiffs for a municipal sewage or waste treatment plant or works to be located in the town of Exeter; and to restrain the defendant Aceto from entering upon plaintiffs' land. Defendant Aceto was the general contractor engaged in installing the sewer system and waste treatment plant.

RSA 252:5 provides: "TAKING LAND. Whenever it is necessary to construct such main drains or common sewers across the land of any person the mayor and aldermen may lay out a sufficient quantity of such land for the purpose, and assess the owner's damages in the same manner as in the case of taking land for highways, and the owner shall have the same right of appeal, with the same procedure."

The substance of the plaintiffs' claim is that the town of Exeter was not authorized by said section to take their land by eminent domain for a waste treatment plant since the section does not specifically include waste treatment plants. After hearing the petition for a temporary injunction was denied on July 19, 1965, and a motion to dismiss upon the ground that the action was rendered moot by the withdrawal by the plaintiffs of the amount deposited with the clerk of court in the condemnation proceedings was denied on November 1, 1965. All questions of law raised

by the plaintiffs' exceptions to denial of their motions were reserved and transferred by *Leahy*, C. J.

The damages occasioned by the taking of a portion of the plaintiffs' land for construction of the treatment plant were assessed at $3,500 which was deposited with the clerk of court and subsequently withdrawn by the plaintiffs. There is presently pending in the superior court an appeal filed by the plaintiffs from the assessment of damages with a demand for a jury trial. The appeal from the condemnation award states that it was taken "for the preservation of their statutory rights only and by the filing of said appeal [plaintiffs] do not waive any rights which they have to enjoin the town of Exeter from condemning their property for the municipal sewerage system."

At the oral hearing here the parties expressed a desire that all questions of law raised by the pleadings in the instant transfer be determined to avoid a further transfer of similar questions arising after a hearing on the merits.

Denial of the motion for temporary injunction raises the question of whether the town of Exeter had authority under RSA 252:5 to take the plaintiffs' land for the purpose of constructing "sewage and/or waste treatment works" as part of the extension of its sewer system. The plaintiffs contend that it did not have such authority since the Legislature in 1961 (Laws 1961, 120:4) in amending section 4 of the same chapter by adding the words "sewage and/or waste treatment works" failed to make a similar amendment to section 5. RSA 252:4 provides: "CONSTRUCTION. The mayor and aldermen of any city may construct and maintain all main drains or common sewers, sewage and/or waste treatment works which they adjudge necessary for the public convenience, health or welfare. Such drains and sewers shall be substantially constructed of brick, stone, cement or other material adapted to the purpose, and shall be the property of the city." The town of Exeter has adopted the provisions of said chapter 252 as provided in section 25 thereof.

The town had adequate authority under RSA 31:92 to condemn the land required for the treatment plant. *Leary* v. *Manchester*, 91 N. H. 442, 444. Cf. *Interstate Bridge Authority* v. *Ham*, 91 N. H. 179. The petition for a temporary injunction was properly denied. Since no ground except lack of authority is advanced as a basis for a permanent injunction, the petition is dismissed.

In view of the conclusion reached, the issue of whether the petition was rendered moot by the plaintiffs' withdrawal of the amount deposited with the clerk in the condemnation proceedings becomes immaterial.

The order is

*Petition dismissed.*

All concurred.