Cheshire
No. 6938

D. LATCHIS, INC. & *a.*

v.

BOROFSKY BROTHERS, INC. & *a.*

July 31, 1975

*Faulkner, Plaut, Hanna & Zimmerman (Mr. George R. Hanna* orally) for the plaintiffs D. Latchis, Inc., and Keene Properties, Inc.

*Bradley & Talbot (Mr. Homer S. Bradley, Jr.* orally) for Borofsky Brothers, Inc.

*Charles H. Morang,* city solicitor, filed no brief for the city of Keene.

LAMPRON, J. Appeal under RSA 31:77 by plaintiffs D. Latchis, Inc., and Keene Properties, Inc., its wholly owned subsidiary, from a decision of the Zoning Board of Adjustment of the city of Keene granting defendant Borofsky a waiver of the requirements of chapter 32, sections 19-20 of its zoning ordinance pertaining to off-street parking. The appeal was later amended to include a petition for a declaratory judgment of the rights of Latchis and Borofsky in part of the land which was the subject matter of the decision of the board of adjustment. All questions of law raised were reserved and transferred without a ruling by *King,* J.

The controversy concerns a strip of land 10 feet wide and about 86 feet long which runs westerly from Main Street in Keene. Prior to May 1958, the underlying fee therein was in the Boston and Maine Railroad. Borofsky whose property is northerly had an appurtenant 10-foot wide right of way thereon. Latchis whose property is situated westerly had a 20-foot wide right of way over the railroad property 10 feet of which was a part of the same right of way as that of Borofsky. The right of way was the only access to the Latchis property from Main Street. On May 2, 1958, the city of Keene acquired by deed certain premises of the railroad in that area which included the underlying fee to the 10-foot right of way in question and to the additional 10 feet which constituted the southerly half of the Latchis 20-foot right of way.

Meanwhile the city of Keene late in 1957 had started proceedings under RSA 31:92 to take some of the land owned by Latchis west of Main Street including its 20-foot right of way. This taking was alleged in the city's pleadings to be for a $250,000 public works project to alleviate a traffic problem in the area. It involved the layout and construction of a new public highway known as Gilbo Avenue and the present Railroad Square parking lot. Latchis appealed the taking and the controversy was settled by stipulations and a consent decree approved by the superior court on January 28, 1959. The terms thereof will be discussed later in this opinion.

On July 18, 1958, Borofsky had sought an injuction to prevent the city of Keene from interfering with its use of its 10-foot right of way. The city countered by proceedings to take the right of way. In settlement, the city cancelled its taking and deeded to Borofsky the 10-foot wide strip of land over which it had the right of way. It is agreed that the premises are presently being used by the city for public parking and sidewalk purposes by license of Borofsky. However, there was no condition imposed in the city's

deed to Borofsky requiring it to use the granted premises either as a city street or for parking purposes. Borofsky applied for and received from the zoning board of adjustment, after a hearing held on October 18, 1971, a waiver of the off-street parking requirements of the ordinance. Borofsky proposes to build a retail store on premises including the 10-foot right of way in question which it claims to own free of encumbrances. Latchis filed a motion for rehearing and upon its denial by the zoning board of adjustment took the present appeal.

The main claims of the plaintiffs Latchis and Keene Properties are the following. Latchis, although requested by the city to give a deed in settlement of its appeal from the taking of its land and right of way refused to do so. Instead it agreed only to a consent decree allowing the taking seeking to reserve a right of reverter in its land and right of way in the event the city subsequently abandoned its use for the declared purpose of the taking. Plaintiffs maintain that the city did abandon such declared use of the land for highway and parking purposes when it conveyed the 10-foot right of way to Borofsky without mandating such use or when the zoning board of adjustment approved Borofsky's petition to build a store on it. Consequently plaintiffs argue that Borofsky owns that land subject to Latchis and Keene Properties' right of reverter in the way over it and cannot be granted a waiver to build on it without plaintiffs' concurrence in the application.

RSA 31:92 provides as follows: "Whenever any town cannot obtain by contract, for a reasonable price, any land required for public use, such land may be taken, the damages assessed, and the same remedies and proceedings had as in case of laying out highways by selectmen." Latchis does not contest that the land taken by the city for the layout and construction of Gilbo Avenue and the Railroad Square parking lot was for a public purpose. *Club Jolliet, Inc. v. Manchester,* 110 N.H. 172, 262 A.2d 844 (1970).

The legislature has the plenary power to define the nature of the interest which can be acquired by eminent domain. *Concord Railroad v. Greely,* 17 N.H. 47 (1845); 26 Am. Jur. 2d *Eminent Domain* § 132 (1966). The statute places no limits thereon as its provisions relating to the same remedies and proceedings as in the case of the laying out of highways define procedure only. "Eminent domain extends to the full exhaustion of private ownership," be it an easement or a fee. *Leary v. Manchester,* 91 N.H. 442, 447, 21 A.2d 156, 159 (1941); 2 R. Powell, Real Property § 271 (P. Rohan rev. ed. 1974); *see Attorney General v. Nashua,* 67 N.H. 478, 32 A. 852

(1893); *White Mountain Power Co. v. Whitaker,* 106 N.H. 436, 441-42, 213 A.2d 800, 804 (1965). The case of *Lyford v. Laconia,* 75 N.H. 220, 72 A. 1085 (1909) relied on by the plaintiffs deals essentially with the nature of the title of the owner of the property and not with the type of interest obtained by the city on a taking under RSA 31:92. It is therefore inapposite.

The stipulations and resulting consent decree previously mentioned which terminated the proceedings on Latchis' appeal to the taking of its property by the city are in the nature of a contract. They are to be construed according to the intention of the parties as expressed in the language used therein and not according to an unexpressed intention which may have been in the mind of either of the parties. *Dunn & Sons, Inc. v. Paragon Homes of New Eng., Inc.,* 110 N.H. 215, 265 A.2d 5 (1970); *Association of Portsmouth Teachers v. Portsmouth School Dist.,* 113 N.H. 659, 312 A.2d 573 (1973); *Foley v. Foley,* 149 Conn. 469, 470-72, 181 A.2d 607, 608-09 (1962); 73 Am. Jur. 2d *Stipulations* § 7 (1974).

In the agreement Latchis consented to the taking by the city of two tracts of land with any buildings or appurtenances thereon. It surrendered all rights in certain spur tracks on its land. It also consented to the taking of "[a]ll rights of way and other rights it may have over property formerly of the Boston and Maine Railroad and now of the City of Keene." This was conditioned on the city furnishing Latchis with rights of access, either over a public street or otherwise, for the benefit of its other property. The Latchis property presently abuts directly on Gilbo Avenue, a public way, thus assuring it of a reasonable means of access to its land. If the agreement were interpreted as being subject to a right of reverter in its prior right of way, which was its only means of access, Latchis would be better off than before its land was taken for which it received from the city a parcel of land and additional compensation in money and services. We hold that the city of Keene by the stipulations and consent decree obtained a fee in the premises Latchis consented it could take, which included all of its interest in the right of way in question.

Since Latchis' rights in the easement and the fee title in the servient tenement became vested in the city of Keene the right of way was extinguished. *Hartford Nat. Bank & Trust Co. v. Redevelopment Agency,* 164 Conn. 337, 343, 321 A.2d 469, 473 (1973); *Fitanides v. Holman,* 310 A.2d 65, 67 (Me. 1973). However, Latchis maintains that the city nullified the taking of its right of way when it deeded the 10-foot strip to Borofsky without limiting its use for a public

highway or parking which was the public purpose justifying its acquisition under RSA 31:92. The city had the right to determine that the underlying public purpose of eliminating the traffic hazard which existed at Railroad Square would be furthered by its conveyance of the right of way to Borofsky. "The issue is not what particular use is to be made of the property sought to be taken, but whether some public advantage duly authorized to be accomplished is furthered." *Leary v. Manchester,* 91 N.H. 442, 445, 21 A.2d 156, 158 (1941). We cannot say that the settlement the city made of the Borofsky appeal was not in furtherance of the legitimate public purpose and use being pursued. *Velishka v. Nashua,* 99 N.H. 161, 106 A.2d 571 (1954); *Club Jolliet, Inc. v. Manchester,* 110 N.H. 172, 262 A.2d 844 (1970). The granting of a waiver of the requirements of the zoning ordinance by the board of adjustment could not affect the propriety of the taking and the extinguishment of Latchis' right of way.

*Remanded.*

All concurred.