Strafford
No. 7431

GERARD TURGEON & *a.*

v.

CITY OF SOMERSWORTH

May 29, 1976

*Daniel M. Cappiello,* by brief and orally, for the plaintiffs.

*William H. Shaheen,* by brief and orally, for the defendant.

DUNCAN, J.   The plaintiffs by this bill in equity seek to require the city of Somersworth to convey to them certain parcels of land sold to it by the plaintiffs in 1964 and 1966. The case was submitted to the trial court on an agreed statement of facts, memoranda of law, and exhibits. The Court *(Mullavey,* J.) denied the relief sought and transferred the questions of law presented by plaintiffs' exception.

From the agreed statement it appears that in 1964 the city of Somersworth proposed to construct a sewer-lagoon system for waste disposal. Negotiations for the purchase of private property necessary for the project resulted in acquisition of 280 acres of land including 42 acres conveyed by the plaintiffs on November 19, 1964, and on October 7, 1966, for an aggregate price of $10,000. Each conveyance was by warranty deed containing no restrictive covenants or other conditions. The agreed statement further indicates that at the time of the original conveyances, the city's representatives informed the plaintiffs that the land was needed for construction of the proposed sewer-lagoon system, and that if the parties failed to reach an agreement the city would institute condemnation proceedings.

In December 1968, the sewer-lagoon project was abandoned, and instead the city proposed to construct a sewage treatment facility for which the land acquired from the plaintiffs is not required. The city is currently negotiating with New Hampshire Farm Museum, Inc., a nonprofit organization, to lease the entire 280-acre tract originally acquired for the sewer-lagoon system, and has declined to sell the former Turgeon property back to the plaintiffs.

The plaintiffs' bill in equity sought to restrain the city from selling or leasing the property to any third party and to require the city to reconvey the 42 acres to the plaintiffs for the original selling price of $10,000. The plaintiffs contend that they have an equitable right of reversion enforceable upon abandonment of the purpose for which the property was acquired.

There can be no doubt that cities may acquire a fee simple interest through condemnation which "extends to the full exhaustion of private ownership". *D. Latchis, Inc. v. Borofsky Bros., Inc.*, 115 N.H. 401, 403, 343 A.2d 637, 639 (1975), *quoting Leary v. Manchester*, 91 N.H. 442, 447, 21 A.2d 156, 159 (1941); 3 Nichols, Eminent Domain § 9.2 (3d ed. J. Sackman 1975). Likewise, a municipality may acquire a fee simple interest through negotiation, purchase, and sale, without resort to condemnation. *See* RSA 31:3, :92. Moreover, when these sales were negotiated, RSA 252:5 (1964) authorized cities to take land by layout for the purpose of constructing drains and common sewers. *See Molloy v. Exeter*, 107 N.H. 123, 218 A.2d 52 (1966); Laws 1967, 300:3.

The deeds of 1964 and 1966 were warranty deeds conveying fee simple interests to the city. Nothing in the plaintiffs' bill, the agreed statement, or the deeds themselves indicates otherwise. The plaintiffs argue that once the purpose for which the land was acquired was abandoned, they had an "equitable reversion". The law however does not support this argument. The fee owned by the city was not converted to a determinable fee simply because the city abandoned the purpose for which the property was acquired. Nor was title, or the right to title thereby reinvested in the plaintiffs. 3 Nichols, *supra* § 9.36 [4]; *Wright v. Walcott*, 238 Mass. 432, 131 N.E. 291 (1921). This is not a case where the city took only an easement which might be extinguished by abandonment of the purpose for taking. *See Lyford v. Laconia*, 75 N.H. 220, 72 A. 1085 (1909).

The fact that the city now contemplates selling or leasing the property gives rise to no rights in the plaintiffs since the original

acquisition was in fee, and in good faith, for a valid public purpose which no longer requires its use. *D. Latchis, Inc. v. Borofsky Bros.,* 115 N.H. 401, 343 A.2d 637 (1975); 26 Am. Jur. 2d *Eminent Domain* § 144, at 807, § 147, at 810 (1966). The provisions of RSA 498-A:12 (Supp. 1975) effective January 1, 1972, cannot aid the plaintiffs, since it applies only to property taken by condemnation.

*Plaintiffs' exception overruled.*

All concurred.