557 P.2d 583

Cyril SNYDERS and Clarissa E. Snyders, Plaintiffs-Appellees,

v.

Kevin HALE, Administrator of the Estate of Larry Dean Woodard, Deceased, and Lawrence H. Woodard, Defendants-Appellants.

No. 2509.

Court of Appeals of New Mexico.

Nov. 16, 1976.

Certiorari Denied Dec. 16, 1976.

Richard L. Gerding, Tansey, Rosebrough, Roberts & Gerding, Farmington, for defendants-appellants.

Felix Briones, Jr., Briones & Harrell, Farmington, for plaintiffs-appellees.

OPINION

HERNANDEZ, Judge.

The principal issue in this appeal involves the interpretation of a stipulation. This was a non-jury trial and judgment was entered in favor of both plaintiffs and against both defendants.

Only such facts as are necessary to explain how the principal issue arose will be mentioned. Larry Dean Woodard, son of Lawrence H. Woodard, was involved in an automobile accident with the plaintiffs which resulted in his death. Plaintiffs sued the son's estate and the father for negligence. At the opening of the trial, the plaintiffs' attorney, Mr. Briones, made the following statement:

"The *defendants* have notified plaintiff [sic] that *they* will admit the liability, and I call upon Mr. Gerding to make his admission of liability at this time before continuing with my opening statement * * *." [Emphasis ours.]

Mr. Gerding, defendants' attorney, then stated the following:

"The *defendants* Kevin Hale, administrative—I'm sorry, administrator of the Estate of Larry Dean Woodard, de-

ceased, does admit that that [sic] Larry Dean Woodard, as alleged in Paragraph Five of the first claim and Paragraph One as adopted in the second claim, do admit that the defendant was negligent in that he drove his vehicle in a careless manner, that he failed to keep a proper lookout, that he failed to keep his vehicle under control and that he negligently allowed his vehicle to enter into the wrong lane, and that such negligence was the proximate cause of the collision between the parties. *We* have stipulated to liability to that extent, your honor." [Emphasis ours.]

Mr. Briones then stated that plaintiffs would present evidence as to their injuries, medical bills and other damages. Mr. Gerding then made the following statement:

"Your honor, my opening statement needs to be very short. *We* do not, obviously, since the stipulation, dispute the liability in this claim. All *we* dispute is the amount of damages." [Emphasis ours.]

During the direct examination of the police officer who had investigated the accident by Mr. Briones, Mr. Gerding objected to a question as to whether the defendant Lawrence H. Woodard acknowledged that he was the father of the deceased, Larry D. Woodard. In the colloquy between the court and the attorneys, Mr. Gerding made the following statement:

"The liability that I stipulated to this morning was against the decedent. Mr. Briones has sued the decedent and the decedent's parents and has alleged family purpose imputing liability. I did not stipulate to the family purpose, and for the same reasons, I have been objecting to officer Woodworth's testimony, on the grounds that it's hearsay. It does go to the truth of the matter asserted, that is, the relationship of the people, and this bears directly upon that phase of the question of liability."

Mr. Briones stated that it was his understanding that defendants' attorney had stipulated as to the liability of both the de-

fendants and that all they were going to dispute was the damages. The judge stated that that was his understanding too.

The defendants' first point of error is that "the trial court erred in *finding* that the car driven by the deceased defendant was being driven for family purposes." [Emphasis ours.] We believe that defendants intended to say that the trial court erred in "concluding" that the car driven by Larry D. Woodard was being driven for family purposes. Most of their argument under this point is that the plaintiffs did not introduce any evidence and the trial court did not make a finding that the car that the deceased was driving was maintained by his father for the general use and convenience of the family, which is one of the necessary elements for invoking the family purpose doctrine. Furthermore, the trial court concluded that:

"8. The accident was the proximate result of the negligent driving of defendants' decedent, Larry Dean Woodard, which negligence is imputed to defendant Lawrence H. Woodard.

"9. Defendants are responsible, jointly and severally, to plaintiff Cyril Snyders, in the sum of $30,378.00, and to plaintiff, Clarissa E. Snyders in the sum of $15,266.00, and judgment should issue accordingly."

The net effect of these conclusions is that the trial court imputed liability to the father on the basis of the stipulation.

 This brings us to a discussion of the stipulation. We start with the general proposition that statements or admissions made by an attorney in open court, during the trial of a case, for the purpose of facilitating the trial by dispensing with procedural matters, technicalities, and the like, or for the purpose of dispensing with certain testimony or proof of a certain fact or facts are binding on his client. *Dubinsky v. Lindburg Cadillac Co.*, 250 S.W.2d 830 (Mo.App.1952); *Prince Georges Properties, Inc. v. Rogers,* 275 Md. 582, 341 A.2d 804 (1975).

As to interpretation of the stipulation:

"The general rule as to the construction of stipulations is well stated in 50 Am.Jur., Stipulations, sec. 8, p. 609: 'As a general rule, stipulations should receive a fair and liberal construction, *in harmony with the apparent intention of the parties* and the spirit of justice, and in the furtherance of fair trials upon the merits, rather than a narrow and technical one calculated to defeat the purposes of their execution. The terms of a stipulation should not, however, be so construed as to extend beyond that which a fair construction justifies. *In all cases of doubt, that construction should be adopted which is favorable to the party in whose favor it is made.* A stipulation must be construed in the light of the circumstances surrounding the parties and in view of the result which they were attempting to accomplish. In seeking the intent of the parties the language used will not be so construed as to give it the effect of an admission of fact obviously intended to be controverted, or the waiver of a right not plainly intended to be relinquished.' " [Emphasis ours.] *In Re Brandt's Estate*, 67 Ariz. 42, 190 P.2d 497, 500–501 (1948).

■ The circumstances surrounding this stipulation, in our opinion, begin with Mr. Briones' statement quoted above and end with Mr. Gerding's opening statement. As can be seen, Mr. Briones in referring to the proposed stipulation spoke of the "defendants" and "they." Mr. Gerding did not correct his use of the plural. Furthermore, Mr. Gerding started his recital of the terms of the stipulation by referring to the "defendants" and at the end he returned to the use of the plural "we." The omission of any mention of the family purpose doctrine in Mr. Briones' recital of what he intended to prove we believe is significant. Then Mr. Gerding, in his last remarks on the matter, spoke only in the plural "we."

Given these circumstances plus the fact that Mr. Gerding represented both defendants, it is our opinion that the trial court correctly concluded that the stipulation included both of the defendants. While there is some ambiguity in the use of the singular and the plural in the stipulation, there is no ambiguity whatsoever in Mr. Gerding's last statement, "all we dispute is the amount of damages." Mr. Gerding may have intended only to stipulate in behalf of the estate of the deceased, but as stated in *D. Latchis, Inc. v. Borofsky Bros. Inc.*, 115 N.H. 401, 343 A.2d 637 (1975): "They [stipulations] are to be construed according to the intention of the parties as expressed in the language used therein and not according to an unexpressed intention which may have been in the mind of either of the parties."

■ The defendants having conceded liability, it was not necessary that the plaintiffs prove the applicability of the family purpose doctrine. As was stated in *Dubinsky v. Lindburg Cadillac Co.*, supra: "The defendant is bound by the admissions of its attorney and same are an adequate substitute for evidence * * *." Findings are not required with respect to facts which have been agreed upon by stipulation. *People v. Marsicano*, 57 Cal.App.2d 591, 135 P.2d 16 (1943); *State v. Brown*, 235 Md. 401, 201 A.2d 852 (1964), cert. denied, 379 U.S. 978, 85 S.Ct. 680, 13 L.Ed. 2d 568 (1965); *State Tax Commission v. Murray Co. of Texas, Inc.*, 87 Ariz. 268, 350 P.2d 674 (1960), cert. granted and case remanded, 364 U.S. 289, 81 S.Ct. 53, 5 L. Ed.2d 39 (1960); 89 Ariz. 61, 358 P.2d 167 (1960); cert. denied, 366 U.S. 950, 81 S.Ct. 1903, 6 L.Ed.2d 1243 (1961).

■ Defendants' second point is that the trial court erred in awarding the plaintiff, Cyril Snyders, damages for loss of earnings when plaintiff had been declared disabled from performing work as an auto mechanic prior to his accident. The trial court made the following findings, none of which is challenged by defendants:

"9. Plaintiff Cyril Snyders sustained injuries in the accident consisting of neck, left shoulder and left arm pain and

weakness due to aggravation of cervical spondylolysis, primarily involving the C5–6 interspace, all as a result of this accident.

"10. Prior to this accident, Cyril Snyders had experienced no problems in his neck, shoulder or left arm, although he had undergone surgery to his low back as a result of a slip and fall accident in October of 1971.

\* \* \* \* \* \*

"12. Plaintiff Cyril Snyders was working as a general automobile mechanic for Smoak Chevrolet at the time of this accident and from February 6, 1973. He continued to work, except for the week immediately following the accident, until July 9, 1973, when he quit work due to his progressive complaints of pain and inability to perform his duties.

\* \* \* \* \* \*

"14. The injuries sustained by plaintiff Cyril Snyders in this accident have been and are productive of pain."

These findings are sufficient to sustain the judgment in favor of Cyril Snyders.

We affirm the judgment.

IT IS SO ORDERED.

SUTIN and LOPEZ, JJ., concur.