ARLINE M. FOLEY *v.* WALTER F. FOLEY

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued March 7—decided May 8, 1962

*Samuel Steinberg,* for the appellant (defendant).

*Edward H. Kenyon,* for the appellee (plaintiff).

MURPHY, J.  The plaintiff was divorced from the defendant on April 16, 1956.  The court *(Covello, J.)* in the judgment made an award of lump sum alimony by reference to a stipulation of the parties.

In 1961, the defendant was cited to show cause why he should not be adjudged in contempt for refusing to pay the alimony. The court *(Parmelee, J.),* on June 29, 1961, found that the defendant was $4487.63 in arrears and ordered him to pay that amount through the domestic relations office within thirty days. The defendant has appealed from that order.

The judgment of divorce provided: "As a lump sum award and in lieu of all other alimony the defendant shall convey to the plaintiff his interest in the real estate at 36 Ripley Road, Glastonbury, Connecticut, subject to the provisions of paragraph 6 of a stipulation entered into by the parties, dated April 11, 1956, and he shall also fulfill the provisions of paragraph 2 and 3 of said stipulation. The defendant shall also convey to the plaintiff any interest which he may have in the furniture and furnishings in the house at 36 Ripley Road, Glastonbury, Connecticut." Paragraph 6 of the stipulation is not material to the question before us. Paragraphs 2 and 3 of the stipulation read: "2. The defendant will pay the plaintiff as lump sum . . . alimony a sum of money equal to the excess of the presently existing mortgage on said real estate, over $7,600.00 as follows: (A) A sum of money equal to one-third of any fees received by the defendant for services rendered the Corbit Estates in the Probate Court for the District of Hartford, but in no event shall it exceed . . . the sum of $2,000.00. (B) The balance within five years from date hereof. 3. Until such time as the aforesaid sum of money is paid in full, the defendant will pay installments of principal and interest amounting to $88.00 a month on said mortgage starting May 1, 1956."

On April 16, 1956, the mortgage indebtedness was

$13,290.05, an excess of $5690.05 over $7600. The defendant thereafter paid $2000 in alimony, and on the mortgage he paid, until September 5, 1960, instalments of principal amounting to $2316.57, together with interest. He claimed that, under the provisions of the stipulation and the judgment, he was entitled to credit for $2316.57, the amount paid on principal, against the award of lump sum alimony. The court did not so interpret the provisions of the stipulation. In effect, it held, in determining the amount of the arrearages, that since the five years within which the alimony was to be paid had elapsed, the arrearages consisted of a balance of $3690.05 due on alimony together with $797.58 for the mortgage instalments since September 5, 1960.

Because the provisions of the stipulation were incorporated by reference into the judgment, it will be necessary to ascertain the intent of the parties as expressed in the language of the stipulation rather than to construe the language of the decree itself, as would be proper, and the better procedure, had the judgment conformed to our holding in *Lasprogato* v. *Lasprogato,* 127 Conn. 510, 516, 18 A.2d 353. In that case, we said: "In a divorce action judgment for alimony should not incorporate a prior agreement of the parties but if they make an agreement, the terms of which appear to the trial court to be fair and proper, those terms may be included in the decree without incorporating therein the agreement, as such, or referring to it."

The stipulation, which was signed by the parties as well as by their attorneys, must be construed according to the intention of the parties as expressed in the language used in the document itself, rather than according to the intention which may have existed in the mind of either of the parties. *Sturte-*

*vant* v. *Sturtevant,* 146 Conn. 644, 647, 153 A.2d 828; *Gilden* v. *Singer Mfg. Co.,* 145 Conn. 117, 119, 139 A.2d 611; *Buckley* v. *Buckley,* 144 Conn. 403, 409, 133 A.2d 604. The agreement as a whole must be considered, and each part given effect if possible. *Sturtevant* v. *Sturtevant,* supra, 648. The amount of the lump sum alimony was $5690.05, the excess of the then existing mortgage over $7600. Payments totaling $2000 had been made to the plaintiff prior to the hearing on June 29, 1961. An unpaid balance of $3690.05 remained. The five-year period within which it was to be paid had expired on April 17, 1961, and therefore the entire balance was overdue. Paragraph 3 of the stipulation provided that "[u]ntil such time as the aforesaid sum of money is paid in full, the defendant will pay" the monthly instalments on the mortgage. "Aforesaid" means "mentioned before." As used in the stipulation, it could be construed only as referring to the excess of the mortgage over $7600, that is, the lump sum alimony. The court was correct in concluding that until such time as the defendant pays the plaintiff the balance of $3690.05 due on the award of lump sum alimony, he is obligated to pay the plaintiff the amount of all monthly instalments on the mortgage. He has paid no such instalments since September 5, 1960.

It should be pointed out, perhaps, that the defendant was not adjudged in contempt of court when the amount of arrearages was fixed. He was given thirty days within which to pay. During that period, he took this appeal, which suspended execution of the order until the decision on the appeal. Practice Book § 411.

There is no error.

In this opinion the other judges concurred.