**Everett L. BRAGDON, Jr., Appellant,**

**v.**

**Pamela Mary BRAGDON, Appellee.**

**No. 9029.**

Court of Civil Appeals of Texas, Amarillo.

Jan. 30, 1980.

Second Rehearing Denied Feb. 27, 1980.

Herndon, Girand & Dooley, Marshal W. Dooley, Dallas, for appellant.

Law Offices of Mark Anthony Troy, Jr. and W. John Allison, Jr., W. John Allison, Jr., Dallas, for appellee.

## ON MOTION FOR REHEARING

DODSON, Justice.

We withdraw our former opinion handed down on November 30, 1979, and substitute this one in its place which reaches the same result. The motion for rehearing is over-ruled.

Pamela Mary Bragdon instituted this action against Everett L. Bragdon, Jr. to recover past due support and maintenance payments. Mrs. Bragdon's cause of action is grounded on a separation and property settlement agreement made by the parties on 11 February 1959, as amended and modified on 3 June 1968, and an Alabama divorce decree rendered on 4 March 1959. At the time the parties made the original agreement and obtained the Alabama divorce decree, they were residents of and domiciled in the state of Connecticut. Mr. Bragdon answered alleging *inter alia* that the consideration for the original agreement failed; that the Alabama divorce decree is void and not entitled to full faith and credit because the Alabama court had no jurisdiction of the parties in the marital res; and that the Alabama alimony statutes on which the divorce decree is grounded contravene the United States Constitution. He also filed a cross action for a divorce.

After hearing the case on stipulated facts, the trial court rendered judgment for Mrs. Bragdon in the sum of $14,660.00 plus interest at the rate of six (6) percent per annum from 31 May 1978, until paid and denied Mr. Bragdon's cross action for divorce. Mr. Bragdon appealed from the judgment. We affirm.

Mr. Bragdon brings eight points of error. In three points of error he says the judgment should be reversed because the Alabama divorce decree is not entitled to full faith and credit. In four points he maintains that the judgment should be reversed because the separation and property settlement agreement and amendment thereto

are without consideration, and that the agreements are void, unenforceable and against the public policy of the state of Connecticut. In the remaining point, he claims reversible error because the trial court refused to grant his cross action for a divorce.

In her pleadings, Mrs. Bragdon presents two theories of recovery. One theory is grounded on the contractual provisions of the 11 February 1959 separation and property settlement agreement and the 3 June 1968 amendment thereto, and the other is based on the Alabama divorce decree, which incorporates by reference the provisions of the 11 February 1959 agreement and orders the parties to abide by and carry out the terms of the agreement. Thus, if Mrs. Bragdon established either theory of recovery, then we must affirm the judgment.

Mrs. Bragdon pleads that the agreement is a valid and binding obligation and is enforceable in the state of Connecticut. Pursuant to Rule 184a of the Texas Rules of Civil Procedure, she asked the court to take notice of the laws of the state of Connecticut. The parties agree that the validity of the agreement should be determined under substantive law of the state of Connecticut. Mr. Bragdon says the judgment should be reversed because the agreement and the amendment thereto are void, unenforceable and against the public policy of the state of Connecticut for the reason that the agreement was entered into not solely as an amicable settlement of property affairs, but to facilitate a divorce already determined upon.

■■■ Under the substantive law of Connecticut, the validity and enforceability of the agreement turns on the determination of whether the agreement has been made not solely as an amicable settlement of property affairs but to facilitate a divorce already instituted or determined upon. *Rifkin v. Rifkin*, 155 Conn. 7, 229 A.2d 358 (1967); *see Maisch v. Maisch*, 87 Conn. 377, 87 A. 729 (1913). Necessarily, the issue is determined by ascertaining the intention of the parties. In this connection in Connecticut, the intention of the parties in making a

separation and property settlement agreement is ascertained from the language used and expressed in the agreement rather than any subjective intentions which may have existed in the mind of either of the parties. *McDonnell v. McDonnell*, 166 Conn. 146, 348 A.2d 575, 577 (1974); *Foley v. Foley*, 149 Conn. 469, 181 A.2d 607, 608–09 (1962); *Sturtevant v. Sturtevant*, 146 Conn. 644, 153 A.2d 828, 831 (1959). Other relevant matters, such as, the date of the execution of the agreement, and the date any divorce action was instituted or determined upon are ascertained from the objective facts surrounding the transaction.

■■■ Mr. Bragdon correctly relies on *Rifkin* as a statement of the applicable substantive law of Connecticut. In his brief, he further suggests that the judgment should be reversed because the Connecticut Supreme Court in *Rifkin* held evidence, which was established by facts similar to the case before us, was sufficient to support the trial court's finding that the separation and property settlement agreement in question was made "not solely as an amicable settlement of property affairs but to facilitate a divorce already instituted or determined upon." Nevertheless, the courts of this state when applying the substantive law of Connecticut are not required to speculate on how the courts of Connecticut would apply their substantive law to a particular fact situation and then attempt to arrive at an identical or similar result.

■■■ The undisputed evidence shows that the separation and property settlement agreement was executed on 11 February 1959. The Alabama divorce proceedings were instituted on 2 March 1959 and the divorce decree was entered on 4 March 1959. From these facts, the court could determine that the agreement was not made "to facilitate a divorce already instituted or determined upon." *See Maisch v. Maisch, supra.*

The 11 February 1959 separation and property settlement agreement provides, *inter alia*, that it is made in consideration of the mutual covenants and agreements con-

tained therein and that the parties are separated and shall continue to live separate and apart. The agreement divides the property of the parties and provides that each party shall manage, control and handle his or her own property and the fruits of his or her labors as though they had never married. The wife agreed to hold harmless the husband from future debts and expenses and to incur none on the husband's behalf. The care, custody, support and maintenance of the parties' children is specified in the agreement. The agreement also contains provisions for the wife's support and maintenance. The wife releases any and all claims and rights against the husband or his estate at death, by way of dower, testacy or intestacy.

The agreement further specifically provides that:

13. The provisions of this Agreement shall not be construed to prevent either the Husband or Wife from suing for an absolute divorce, in any competent jurisdiction, upon such grounds as they shall elect, or as they may be advised; the other party may contest the same but, in the event that a decree of absolute divorce is obtained by either of said parties, the provisions of this Agreement shall be incorporated in said decree and shall become a part thereof, and shall be binding upon the said parties hereto, since it is the intention of the said parties that this Agreement be absolute, unconditional and irrevocable except as herein otherwise provided; and shall be binding and conclusive upon said parties, and shall not merge in any such decree, and shall survive the same.

14. The Husband and Wife have incorporated in this Agreement their entire understanding. No oral statement or prior written matter extrinsic to this Agreement shall have any force or effect. The said parties are not relying upon any representations other than those expressly set forth herein.

\*       \*       \*       \*       \*       \*

17. The Husband and Wife have been advised by counsel of his or her own

selection with reference to this Agreement, and have actually submitted to, and have had such Agreement considered by his or her own counsel.

The evidence shows that the parties were living apart when the agreement was made; that they contemplated continuing to live separate and apart; and that they did in fact continue to live separate and apart. Under these circumstances, the trial court could conclude that the agreement was made solely as an amicable settlement of property affairs rather than to facilitate a divorce already instituted or determined upon, notwithstanding the fact that within three weeks after the agreement was executed by the parties, Mr. Bragdon departed for the state of Alabama and obtained a divorce within two days.

## II

■ In points three and four, Mr. Bragdon says the judgment should be reversed because the 11 February 1959 agreement and the 3 June 1968 amendment thereto are without consideration. These points are not properly before this court. Rule 93(j) of the Texas Rules of Civil Procedure provides that:

Rule 93.   Certain Pleas To Be Verified

A pleading setting up any of the following matters, unless the truth of such matters appear of record, shall be verified by affidavit.

\*       \*       \*       \*       \*       \*

(j) That a written instrument upon which a pleading is founded is without consideration, or that the consideration of the same has failed in whole or in part.

Although Mr. Bragdon alleges failure of consideration in his pleadings, he does not allege that the agreements sued on were without consideration.

## III

In points one and two, Mr. Bragdon maintains that the judgment should be reversed because the Alabama divorce decree is void, unenforceable and not entitled to full faith and credit. In the eighth point he claims

the judgment should be reversed because the Alabama divorce decree is grounded upon the Alabama alimony statute and that the Alabama alimony statute contravenes the United States Constitution.

 In *Lasprogato v. Lasprogato*, 127 Conn. 510, 18 A.2d 353, 355 (1941), when speaking to the enforcement of valid separation and property agreements, the court said:

> Such contracts are enforced by actions brought upon the contracts themselves and the remedies are no other or different than the remedies provided by law for the breach of any other contract. Where the payment of alimony is ordered in a judgment of divorce, if the terms of the judgment are not complied with the offended party has a remedy by contempt.

In Texas, the agreements are enforceable under the law of contracts. *Francis v. Francis*, 412 S.W.2d 29, 33 (Tex.1967). *See also Ex parte Jones*, 163 Tex. 513, 358 S.W.2d 370 (1962). Therefore, under our view of the case before us, we deem it unnecessary to the disposition of this appeal to determine points one, two and eight.

### IV

In the seventh point Mr. Bragdon says the trial court committed reversible error by refusing to grant his cross action for a divorce because the Alabama decree is void. We do not agree.

Mr. Bragdon has remarried another person since he obtained the Alabama divorce decree. Assuming arguendo that the Alabama divorce is void, then Mr. Bragdon is precluded from attacking the divorce decree when, as here, he obtained the divorce and then acquiesced in the decree by remarrying another person. *See* 24 Am.Jur.2d *Divorce and Separation* § 491 (1966). The rationale for the rule is definitively stated by the court in *Whitney v. Heublein*, 145 Conn. 154, 139 A.2d 605, 606 (1958). No useful purpose is served by quoting the description language contained in *Whitney*. Simply stated, Mr. Bragdon does not come into court with clean hands. Under the

circumstances, we conclude that the trial court did not commit reversible error by refusing to grant Mr. Bragdon's cross action for a divorce.

In summary, we overrule Mr. Bragdon's points of error three, four, five, six and seven. Our disposition of these points of error is dispositive of this appeal. Accordingly, the judgment of the trial court is affirmed.

COUNTISS, J., not participating.