PER CURIAM.
William Frank Cada appeals his placement on probation after a jury’s verdict of guilty of battery on a law enforcement officer.[1] While we find no merit in appellant’s first point, we agree that the trial court erred in imposing a requirement that appellant pay restitution in an “amount, mode and manner to be determined by the probation officer.”
It is improper for the trial judge to delegate to the probation supervisor the authority to determine the amount of restitution appellant must pay. Fresneda v. State, 347 So.2d 1021 (Fla.1977); Cothron v. State, 377 So.2d 255 (Fla. 2d DCA 1979); McClure v. State, 371 So.2d 196 (Fla. 2d DCA 1979); Kroenke v. State, 366 So.2d 46 (Fla. 2d DCA 1978), cert, denied 374 So.2d 99 (Fla.1979). Appellant is entitled to a hearing before the trial court to determine the amount of restitution.
Accordingly, this case is remanded with instructions to hold a hearing as to the amount of restitution appellant is to pay. The order placing appellant on probation is affirmed in all other respects.
ANSTEAD and HURLEY, JJ., and RIVKIND, LEONARD, Associate Judge, concur.

. Sections 784.03(1) and 784.07(2)(b), Florida Statutes (1977).