650 P.2d 22

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe Paul LACK, Defendant-Appellant.**

**No. 5555.**

Court of Appeals of New Mexico.

July 6, 1982.

Rehearing Denied Aug. 20, 1982.

Certiorari Denied Aug. 20, 1982.

John E. Keithly, Anthony, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

DONNELLY, Judge.

Defendant was convicted by jury of aggravated battery, a third degree felony. § 30–3–5(C), N.M.S.A.1978. Defendant appeals the court's judgment requiring as a condition of probation that he make restitution to the victim for expenses of $1,750.13 for substitute workers to perform victim's job during his convalescence and for $450.00 allegedly paid for health care on behalf of the victim. Defendant has not challenged that portion of the court's order of restitution requiring payment of $3,615.65 for additional health care provided to the victim as a result of the victim's injuries sustained in the assault.

The issues presented by defendant relating to the procedural requisites for imposing a valid order of restitution upon a defendant convicted or adjudicated guilty in a criminal case are a matter of first impression in this jurisdiction.

Following defendant's conviction, the trial judge suspended execution of a basic sentence of three years in the state penitentiary, with the exception of the payment of a $1,000.00 fine and a term of sixty days to be served in the Dona Ana County Jail. The judge also placed defendant on probation following his release from confinement. Among other terms of probation imposed, the court ordered:

1. That the defendant make restitution to the victim, Saul Sanchez, and his health care providers in the amount of $5,815.78, which sum shall be paid to the Clerk of the District Court within thirty days of the entry of this judgment and disposition.

\*     \*     \*     \*     \*     \*

3. That the defendant's failure to make the necessary restitution within thirty days from entry of this judgment and disposition shall be grounds for revocation of the defendant's probation.

Subsequent to the entry of the court's dispositional order, defendant moved to modify the judgment. He contended that the order requiring restitution in the absence of a proper determination of the amount of restitution constituted a determination of civil liability without a right of jury trial, or the right to controvert the evidence, and was in violation of defendant's constitutional right to due process. Defendant also asserted that imposition of restitution in the amount ordered was punitive in nature, and was improperly imposed in the absence of evidence to support the court's order and determination of defendant's ability to pay.

Defendant's conviction arose out of a barroom brawl which occurred at the Rincon Bar in Dona Ana County. Defendant hit the victim, Saul Sanchez, in the face with a hammer, necessitating extensive medical treatment and corrective surgery.

At the initial hearing on sentencing, the court indicated that it had a presentence report. Defendant and his counsel reviewed the report and both indicated they did not know of anything that was incorrect in the report. Attached to the presentence report, among other items, were two documents signed by the victim which certified that he paid two individuals the sum of $1,750.13 for labor performed, and a list of medical costs that included $450.00 allegedly paid for health care rendered to him. The trial court initially ordered defendant to undergo a sixty day diagnostic commitment at the state penitentiary pursuant to § 31–20–3(C), N.M.S.A.1978 (Repl.1981).

Prior to commencement of the diagnostic commitment, defendant successfully moved the court to reconsider its order. Another sentencing hearing was held on December 14, 1981. At the close of this hearing, the trial judge, in announcing sentence, stated that from the presentence report, "I am satisfied that you can pay the doctor and the hospital bills and the loss of wages that this man has had by being forced to employ someone else to take his position. These total expenses that this man sustained are in the amount of $5,815.78."

Following the court's imposition of sentence, including the requirement of the payment of restitution, the defendant made no response. On December 28, 1981, however, defendant by written motion sought to modify the judgment and disposition on the grounds asserted in this appeal. After a hearing, the trial court denied the motion.

In his challenge to the propriety of the trial court's order of restitution for lost earnings and for reimbursement for certain medical expenses, defendant asserts a twofold argument: (1) that he was denied proper notice and opportunity to fully contest the amount determined by the court, and (2) that the amount was not within the scope of damages properly allowable as restitution.

### I. Notice and Opportunity to Contest Restitution

Defendant first asserts that he was denied proper notice and opportunity to fully contest the amount of restitution ordered by the trial court. Defendant does not challenge the trial court's authority to order restitution as a condition of probation.

By legislative enactment, New Mexico's public policy requires that each violator of the Criminal Code make restitution to the victims of his criminal activities to the extent that the violator is reasonably able to do so. Section 31–17–1, N.M.S.A.1978 (Repl.1981), provides in applicable part:

B. If the trial court exercises either of the sentencing options under Section 31–20–6 NMSA 1978 [entry of an order de-

ferring or suspending sentence], the court shall require as a condition of probation or parole that the defendant, in cooperation with the probation or parole officer assigned to the defendant, promptly prepare a plan of restitution, including a specific amount of restitution to each victim and a schedule of restitution payments. If the defendant is presently unable to make any restitution but there is a reasonable possibility that the defendant may be able to do so at some time during his probation or parole period, the plan of restitution shall also state the conditions under which or the event after which the defendant will make restitution. If the defendant believes that he will not be able to make any restitution, he shall so state and shall specify the reasons. If the defendant believes that no person suffered actual damages as a result of the defendant's criminal activities, he shall so state.

C. The defendant's plan of restitution and the recommendations of his probation or parole officer shall be submitted promptly to the court. The court shall promptly enter an order approving, disapproving or modifying the plan taking into account the factors enumerated in Subsection D of this section. Compliance with the plan of restitution as approved or modified by the court shall be a condition of the defendant's probation or parole. * * * The court thereafter may modify the plan at any time upon the defendant's request or upon the court's own motion. * * *

D. The probation or parole officer when assisting the defendant in preparing the plan of restitution, and the court before approving, disapproving or modifying the plan of restitution, shall consider the physical and mental health and condition of the defendant, his age, his education, his employment circumstances, his potential for employment and vocational training, his family circumstances, his financial condition, the number of victims, the actual damages of each victim, what plan of restitution will most effectively aid the rehabilitation of the de-

fendant and such other factors as shall be appropriate. The probation or parole officer shall attempt to determine the name and address of each victim and the amount of his pecuniary damages.

E. The clerk of the court shall mail to each known victim a copy of the court's order approving or modifying the plan of restitution, including the court's statement, if any, under Subsection C. * * *

F. At any time during the probation or parole period *the defendant or the victim* may request and the court shall grant a hearing on any matter related to the plan of restitution. [Emphasis added.]

Under the statute cited above, failure of a defendant to comply with the plan of restitution approved or modified by the court may constitute a violation of a condition of probation and parole. The court under § 31–17–1 G., *supra*, has continuing jurisdiction to modify a plan of restitution or to extend the period of restitution but not beyond the maximum period of probation or parole as provided in §§ 31–20–6, 31–20–7 and 31–21–10, N.M.S.A.1978 (Repl. 1981).

It is solely within the province of the legislature to establish penalties for criminal behavior. *State v. Mabry*, 96 N.M. 317, 630 P.2d 269 (1981). Upon entry of a judgment of conviction for a crime not constituting a capital or first degree felony, and except as specifically limited by statute, *see* §§ 31–18–16, 31–18–16.1 and 31–18–17, N.M.S.A.1978 (Repl.1981), as examples, the trial court is empowered to defer the imposition of sentence or enter an order suspending in whole or in part the imposition of sentence. § 31–20–3, *supra*. A trial court may impose conditions of probation as authorized by law. *State v. Ayala*, 95 N.M. 464, 623 P.2d 584 (Ct.App.1981). Legislative enactment of § 31–17–1, *supra*, requiring victim restitution is declarative of public policy to make whole the victim of the crime to the extent possible. As observed in *State v. Harris*, 70 N.J. 586, 362 A.2d 32 (1976), "Restitution in a proper case

may ofttimes be a compelling reminder of the wrong done and meaningfully contribute to the rehabilitation process." In *State v. Balsam*, 130 Ariz. 452, 636 P.2d 1234 (Ct.App.1981), the court similarly stated, "An effective way to awaken appellant's sense of social responsibility and aid in his rehabilitation is to require him to repay the costs society has incurred as a result of his misconduct."

■ If sentence is deferred or suspended, § 31–17–1(B), *supra*, mandates that the district court "shall require as a condition of probation or parole" that the defendant make restitution to the victim for actual damages caused by the crime for which the defendant was convicted, unless the court determines the defendant is unable to make restitution in whole or in part during the period of probation. *See State v. Gross*, 648 P.2d 348 (N.M.Ct.App.1982).

■ Under § 31–17–1, *supra*, a full evidentiary hearing tantamount to a civil trial adjudicating liability is not contemplated as a prerequisite for the trial judge to require restitution. N.M.R.Evid. 1101(d)(2), N.M.S.A.1978, (Supp.1981), specifies that the rules of evidence are not applicable in proceedings for sentencing by the court without a jury. The quantum of restitution need not be proven by a preponderance of the evidence as though the sum were being established in a civil action for damages. *State v. Harris, supra*. A condition of restitution by a court placing a defendant on probation creates neither a debt nor a debtor-creditor relationship between the persons making and receiving restitution. *People v. Mosesson*, 78 Misc.2d 217, 356 N.Y.S.2d 483 (Sup. Ct.1974). However, under § 31–17–1, *supra*, the court, as a condition of probation, must require the defendant in conjunction with his parole or probation officer to prepare a plan of restitution to each victim unless defendant waives such a plan or agrees to the amount of restitution being claimed. At time of sentencing, where restitution is ordered it is incumbent upon defendant to specify whether he contests any amount of actual damages claimed by a victim and to advise the court whether he believes he will be able to make restitution.

■ Upon submission of defendant's plan of restitution and the recommendations of his parole or probation officer, the court is required to enter an order approving, disapproving, or modifying the plan after considering each of the factors enumerated in § 31–17–1(D), *supra*, including determination of the defendant's ability to pay restitution and the times and amounts of restitution payable. *See* Annot., 73 A.L. R.3d 1240 (1976); *People v. Kay*, 36 Cal. App.3d 759, 111 Cal.Rptr. 894 (1973); *State v. Hess*, 86 Wash.2d 51, 541 P.2d 1222 (1975). The court is not bound, however, by statements that he is unable to make restitution or pay specific amounts, where there is appropriate data or evidence showing otherwise. Authority to grant probation is a matter of legislative grace, and the district court's power to impose probation is purely statutory. *State v. Mathews*, 130 Ariz.App. 46, 633 P.2d 1039 (1981); *see also State v. Sublett*, 78 N.M. 655, 436 P.2d 515 (Ct.App.1968).

In *People v. Tidwell*, 33 Ill.App.3d 232, 338 N.E.2d 113 (1975), the Illinois Court of Appeals considered contentions that closely parallel defendant's arguments here. In *Tidwell*, defendant argued that the trial court erred and abused its discretion by ordering that defendant pay as a condition of probation $200.00 in restitution to a victim without the amount of restitution being proved by competent evidence. There, the only evidence of amount of damage submitted at time of sentencing was the uncorroborated statement of the victim that defendant's damage necessitated repairs in the sum of $209.00. The court denied defendant's claims, noting that at a sentencing hearing in a criminal case, a trial judge need not conduct a full-blown civil damage suit to determine the proper amount of restitution. The court further stated:

What the judge should hear or have presented for his consideration in such a proceeding [sentencing hearing involving an order of restitution] is subject to the parameter of reasonableness; not technical rules of evidence. Compare *People v.*

*Schleyhahn*, 4 Ill.App.3d 591, 281 N.E.2d 409. Of course, in proceedings such as this a defendant is free to cross-examine witnesses and contradict them with other evidence.

Implicit in the provisions of § 31–17–1, *supra*, requiring the preparation of a restitution plan, is the giving of notice to defendant of the amount of restitution claimed, the opportunity to dispute the amount thereof, and inquiry into defendant's ability to pay restitution. *See* Standards for Criminal Justice § 18–2.3(c) and Commentary (1980). Due process is satisfied by affording the defendant an opportunity to challenge the amount of restitution claimed by the victim when there is a factual basis in the record to support the trial court's calculations as to the proper sum of restitution. *State v. Harris, supra; contra State in the Interest of Besendorfer*, 568 P.2d 742 (Utah 1977); *see also* Annot., 79 A.L.R.3d 976 (1977).

In *State v. Harris, supra*, the court adopted for use in criminal sentencing hearings a method approved in *State in the Interest of D. G. W.*, 70 N.J. 488, 361 A.2d 513 (1976), for determining proper restitution, which was originally employed in juvenile court proceedings. The court in *D. G. W.* stated:

> To protect his interest in his earnings and income and his interest in continued liberty the * * * [offender], minimally, is concerned about (1) the amount of damage he will be held responsible for, (2) the method of determining the value, (3) his pro rata share where several defendants are involved and (4) a reasonable method of repayment which realistically assesses his ability to pay.

> Balanced against these concerns is the State's interest in maintaining a disposition procedure which, while always preserving the offender's right to be heard, is not unduly encumbered. We are satisfied that a balance can be struck short of a full-blown adversarial procedure, something more in the nature of a summary proceeding. * * *

The procedure specified in § 31–17–1, *supra*, must be followed in ordering restitution to satisfy due process rights of a convicted defendant. Where the court determines that restitution is appropriate, the probation department should investigate the nature and extent of the actual damages caused by defendant's criminal acts and report this information to the court. The amount of restitution and time of payment must be set by the court and may not be left to the discretion of probation authorities. *Cada v. State*, 382 So.2d 405 (Fla. Dist.Ct.App.1980); *People v. Good*, 287 Mich. 110, 282 N.W. 920 (1938). In *D. G. W., supra*, the court further noted:

> The results of this investigation would then be summarized in a report similar to a presentence report for use by the court in setting the terms of probation. In this regard, the probation department is merely acting as a factfinder and an extension of the power of the court. * * * However, the final decision on the amount of restitution to be made and the terms thereof is within the sole province of the trial judge.

Although the trial court commendably undertook to order that restitution be paid by the defendant for actual damages allegedly sustained by the victim as the result of defendant's criminal acts, the record fails to indicate that any plan of restitution was ever prepared by defendant in cooperation with the probation or parole department as required by § 31–17–1, *supra*.

Notice and opportunity on the part of the defendant to prepare a plan of restitution to the victim or to challenge the accuracy of the amount of restitution or his ability to pay restitution is mandatory under § 31–17–1, *supra*. Nevertheless, defendant has not objected on appeal to his lack of opportunity to prepare a plan of victim restitution for submission to the sentencing judge. The failure to comply with this requirement was not error under the facts herein. As shown by the presentence report, defendant possessed substantial assets and owns and operates a truck and has a monthly income. This data was supplied by the defendant and supports the court's determination of defendant's ability to pay

restitution. The presentence report gave defendant prior notice concerning the amounts of restitution detailed in the presentence report, and he was adequately accorded an opportunity to contest the amounts ordered by the court.

## II. *Amounts Awarded as Restitution*

Defendant's assertion that the court's order of restitution requiring payment of $1,750.13 for lost earnings falls outside any actual damages sustained by the victim is without merit. "Actual damages" as defined in § 31–17–1(A)(2), *supra*, includes all damages which a victim could recover against the defendant in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish and loss of consortium. *See also Alber v. Nolle*, 645 P.2d 456 (Ct.App.1982). Earnings are properly includable within "actual damages" as contemplated by § 31–17–1, *supra*. N.M.U.J.I.Civ. 18.3, N.M.S.A.1978 (Repl.1980); *see generally, State v. Mottola*, 84 N.M. 414, 504 P.2d 22 (Ct.App.1972); Annot. 79 A.L.R.3d, *supra*. The sum of $450.00 paid for additional health care expense is also adequately supported by data contained in the presentence report.

Under § 31–17–1, *supra*, restitution to the victim must be considered as part of the sentencing process. By its nature, sentencing involves the proper application of sound judicial discretion in determining a proper sentence in each case. The sentencing judge must make an independent decision regarding an appropriate sentence and is not bound by presentence recommendations. *People v. Tijerina*, 632 P.2d 570 (Colo.1981); *see State v. Mincey*, 130 Ariz. 389, 636 P.2d 637 (1981).

If the record does not contain sufficient evidence to support a determination of the amount of restitution, the court may conduct a hearing upon the issue and order appropriate restitutional payments based on data before the court which defendant is given an opportunity to controvert. Conditions of probation imposed upon a defendant must be made clear in the order of probation at time of sentencing. *State v. Allen*, 82 N.M. 373, 482 P.2d 237 (1971); *State v. Soria*, 82 N.M. 509, 484 P.2d 351 (Ct.App.1971).

Where the amount required to be paid is not supported by appropriate documentary evidence such as medical or doctor bills, under § 31–17–1, *supra*, the defendant has an obligation to make his objection to the amount of damage known to the sentencing judge at the time the condition is imposed or request a hearing to fix the amount. *Shenah v. Henderson*, 106 Ariz. 399, 476 P.2d 854 (1970).

A sentencing hearing, however, is not a trial and the strict evidentiary rules which govern the proceedings in which defendant's adjudication of guilt or innocence are determined are not rigidly applicable to sentencing hearings. N.M.R.Evid. 1101 (d)(2), *supra; see also State v. Johnson*, 101 Idaho 581, 618 P.2d 759 (1980). Defendant is not entitled to a jury trial involving the amount of restitution. However, a defendant has a right to be sentenced on the basis of accurate information. *See United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).

The presentence report had as attachments two certificates signed by the victim, indicating payment of $1,750.13 to other persons to do his work while he was recuperating from his injuries, and other documentation of $450.00 for health care provided to the victim. While defendant was not accorded the opportunity as contemplated by § 31–17–1, *supra*, to review and submit a plan of restitution in conjunction with the probation office concerning the actual damages sustained by the victim, nevertheless, defendant and his counsel had an adequate opportunity to review the presentence report, including the victim's challenged certificates, prior to sentencing and hence were put on prior notice of the exist-

ence and amount of the disputed claims.[1] Under N.M.R.Crim.P. 56, N.M.S.A.1978 (Repl.1980), a presentence report must be made available for inspection by the parties and their attorneys prior to any sentencing hearing imposed by the court. The rule provides in applicable part:

(b) **Inspection.** The [presentence] report shall be available for inspection by only the parties and attorneys by the date specified by the district court, and in any event, no later than two working days prior to any hearing at which a sentence may be imposed by the court.

(c) **Hearing.** Before a sentence is imposed, the parties shall have an opportunity to be heard on any matter concerning the report. The court, in its discretion, may allow the parties to present evidence regarding the contents of the report.

Use of a presentence report at sentencing is not mandatory. *State v. Vialpando*, 93 N.M. 289, 599 P.2d 1086 (Ct.App.), *cert. denied*, 93 N.M. 172, 598 P.2d 215 (1979). The practice of obtaining such reports, however, is highly salutary. But where, as here, the trial judge orders a presentence report, the defendant has a right to prior opportunity to review its contents, and to be heard on matters contained therein. N.M.R.Crim.P. 56, *supra.*

At the first sentencing hearing, the trial judge expressly inquired of defendant contained in the presentence report:

THE COURT: Have you had an opportunity to review it?

MR. LACK: Yes, sir.

THE COURT: Is there anything that's incorrect that's set forth in the presentence report?

MR. LACK: Not that I know of.

THE COURT: Mr. Keithly?

MR. KEITHLY: No, sir.

Any possible error which may have arisen by virtue of the failure of the trial court to accord defendant the opportunity to prepare a plan of restitution to the victim in conjunction with the probation department was obviated by defendant's failure to object to the amount or basis of the victim's claim for restitution as set out in the presentence report furnished to defendant. *State v. Padilla*, 648 P.2d 807 (N.M.Ct. App.1982); *Snyders v. Hale*, 89 N.M. 734, 557 P.2d 583 (Ct.App.), *cert. denied*, 90 N.M. 8, 558 P.2d 620 (1976).

Section 31–17–1(F), *supra*, also permits a defendant to seek a hearing and court review of any matter related to restitution as ordered by the court. Here, following the initial sentencing hearing, defendant sought trial court review of the order of restitution and was accorded an opportunity to further challenge the victim's claim of actual damages for reimbursement for labor and to his claim of medical expenses. Under such posture, the defendant was not denied due process. Due process is a malleable principle which must be molded to a particular situation, considering both the rights of the parties and the interests of the state. *Matter of Valdez*, 88 N.M. 338, 540 P.2d 818 (1975).

The victim's certificates setting forth the amount of damages sustained together with the billing statements in the presentence report were not inherently unreliable as defendant contends and constituted adequate evidentiary basis upon which the trial court could properly order restitution. *See State v. Boyd*, 84 N.M. 290, 502 P.2d 315 (Ct.App.1972). The trial court also made proper inquiry into defendant's ability to pay the sums of restitution ordered and indicated the component sums and manner of their computation.

The judgment and order suspending sentence and ordering restitution are affirmed.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.

---

1. As stated in *State v. Wood*, 230 Kan. 477, 638 P.2d 908 (1982), a defendant's due process rights are not violated by having a probation officer collect data and prepare a presentence report. "The important thing is for the defendant and his counsel to be afforded an opportunity to read and consider information contained in the presentence report and to rebut information which they deem to be incorrect."