This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                                                          **NO. 29,751**

**JAIME ROMAN,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Albert S. "Pat" Murdoch, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Vicki W. Zelle, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Pursuant to a plea agreement, Defendant was convicted of driving while intoxicated (DWI), first offense. The sentencing order contains a provision requiring him to pay restitution. He challenges this provision on appeal. For the reasons that follow, we affirm.

**BACKGROUND**

Pursuant to a plea agreement with the State, Defendant pled guilty to DWI, with disposition of the charge pursuant to the "First Offender Program with PSR [presentence report] for restitution purposes." At the sentencing hearing Defendant took the position that restitution should not be imposed. The metropolitan court rejected Defendant's arguments and entered a judgment and sentence which incorporated a provision requiring Defendant to pay $7255.95 in restitution within nine months. Defendant then appealed the imposition of restitution to the district court, which affirmed. An appeal to this Court followed.

**DISCUSSION**

As an initial matter, we must determine whether this appeal is properly before us. Generally speaking, "a plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, including the right to appeal." *State v. Hodge*, 118 N.M. 410,

2

414, 882 P.2d 1, 5 (1994). Defendant voluntarily entered his plea, and the State contends that he is not an aggrieved party for purposes of appeal. However, "a plea of guilty does not waive jurisdictional errors." *State v. Trujillo*, 2007-NMSC-017, ¶ 8, 141 N.M. 451, 157 P.3d 16. Therefore, to the extent that the metropolitan court imposed a sentence outside the scope of its jurisdiction, Defendant is an aggrieved party. *See State v. Gallegos*, 2007-NMCA-112, ¶ 21, 142 N.M. 447, 166 P.3d 1101 (holding that a defendant who had pled no contest was nevertheless an aggrieved party for purposes of appealing an illegal sentence).

The foregoing notwithstanding, the State argues that Defendant waived his right to appeal the restitution component of his sentence because the plea agreement specifically contemplated that restitution would be imposed. However, the plea agreement merely provided that a presentence report would be prepared "for restitution purposes." This language indicates that restitution would be considered, it does not specify that restitution would be imposed or otherwise required at sentencing. Nor was the ambiguity adequately clarified at the plea hearing. The metropolitan court merely noted that the aforementioned presentence report would be prepared by the probation department, suggested that Defendant would "have to pay restitution," and added that "we're going to look into that." Because both the plea agreement and the metropolitan court's comments left the ultimate question of

restitution open for further developments, Defendant could reasonably have understood that restitution was a mere potentiality, subject to further investigation and debate at the sentencing hearing. *See generally State v. Fairbanks*, 2004-NMCA-005, ¶ 15, 134 N.M. 783, 82 P.3d 954) (giving effect to a defendant's reasonable understanding of an ambiguous plea agreement). Under these circumstances we conclude that Defendant did not waive his right to challenge the restitution component of his sentence on appeal. *See id.* ¶¶ 11, 17-19 (arriving at a similar conclusion under analogous circumstances).

**Jurisdiction**

Defendant contends that the portion of his sentence requiring him to pay restitution is not statutorily authorized, and therefore beyond the jurisdiction of the sentencing court.

"The power of a trial court to sentence is derived exclusively from statute, and we review issues of statutory construction and interpretation de novo." *State v. Wyman*, 2008-NMCA-113, ¶ 2, 144 N.M. 701, 191 P.3d 559; *cert. quashed*, 2009-NMCERT-012, 147 N.M. 601, 227 P.3d 91.

Defendant's argument is premised upon the applicability of NMSA 1978, Section 31-17-1 (2005), Subsection A of which specifies as follows:

> It is the policy of this state that restitution be made by each violator of the Criminal Code . . . to the victims of his criminal activities to the

4

extent that the defendant is reasonably able to do so. This section shall be interpreted and administered to effectuate this policy.

Because Defendant was convicted of DWI pursuant to NMSA 1978, Section 66-8-102 (2008) (amended 2010), which is an offense under the Motor Vehicle Code rather than the Criminal Code, Defendant contends that Section 31-17-1 cannot be read to supply authority for the imposition of restitution.

Although we acknowledge that Section 31-17-1 may only apply to offenses set forth in the Criminal Code, Section 31-17-1 is not the only statutory provision which authorizes the courts to order restitution in criminal cases. We have previously held that restitution may be imposed as a condition of probation pursuant to the more general statutory provisions applicable where deferred and suspended sentences are imposed. *See State v. Taylor*, 104 N.M. 88, 96-97, 717 P.2d 64, 72-73 (Ct. App. 1986) (specifically relying on NMSA 1978, Section 31-20-6 (2007), as opposed to Section 31-17-1, to uphold a condition of probation requiring the defendant to pay restitution under the Controlled Substances Act that is not part of the Criminal Code).

Insofar as Defendant pled guilty to DWI (first offense) and received a deferred sentence with one year of supervised probation, it was clearly appropriate for the metropolitan court to impose conditions of probation. *See generally* NMSA 1978, § 66-8-102(E) (providing for probation for up to one year upon a first conviction for DWI); *State v. Hernandez*, 2001-NMCA-057, ¶ 20, 130 N.M. 698, 30 P.3d 387

5

("Accountability under the DWI statute and the motor vehicle code takes various forms. One, of course, is the usual criminal sanction of incarceration and fine, *along with the usual probation parole adjuncts of criminal sentencing.*" (emphasis added)). Rehabilitative services are an appropriate condition of probation, *see generally* § 66-8-102(E) (providing that a DWI first offender "may be required to participate in [such] . . . rehabilitative services as the court shall determine to be necessary"). Restitution is a meaningful and compelling contributor to the rehabilitation process. *See State v. Lack*, 98 N.M. 500, 505-06, 650 P.2d 22, 27-28 (Ct. App. 1982); *see also State v. Palmer*, 1998-NMCA-052, ¶ 17, 125 N.M. 86, 957 P.2d 71 (observing that restitution serves rehabilitative purposes insofar as requiring a defendant to repay the costs society has incurred as a result of his criminal misconduct constitutes an effective way of awakening a sense of social responsibility). We reject Defendant's contention that restitution under Section 31-20-6 was unauthorized in this case.

In his briefs to this Court we understand Defendant to argue that all of the pertinent statutory authorities should be harmonized by reading every provision and limitation associated with Section 31-17-1 into every other provision which authorizes the imposition of restitution as a condition of probation. We reject this approach on grounds that it is inconsistent with our existing jurisprudence. *See State v. Ellis*, 120 N.M. 709, 712, 905 P.2d 747, 750 (Ct. App. 1995) (observing that Section 31-20-6

6

provides "broad discretion to order restitution as a condition of probation, *irrespective of Section 31-17-1*" (emphasis added)); *see, e.g.*, *Taylor*, 104 N.M. at 96-97, 717 P.2d at 72-73 (avoiding the application of certain limitations associated with Section 31-17-1 by relying instead upon Section 31-20-6 as the basis for the imposition of restitution as a condition of probation). Accordingly, we conclude that the imposition of restitution was statutorily authorized in this case.

**Due Process**

Defendant further contends that restitution was imposed in violation of his due process rights in several respects.

We apply de novo review. *State v. Tafoya,* 2010-NMCA-010, ¶ 7, 147 N.M. 602, 227 P.3d 92 (filed 2009) (citing *N.M. Bd. of Veterinary Med. v. Riegger*, 2007-NMSC-044, ¶ 27, 142 N.M. 248, 164 P.3d 947, for the proposition that the appellate courts "review questions of constitutional law and constitutional rights, such as due process protections, de novo").

First, Defendant argues that restitution was improperly imposed because the only individual who came forward seeking restitution was not a victim. The evidence was presented by the owner's spouse. However, as the district court noted, neither the record nor the transcript indicate that Defendant advanced this argument below. As a result, it is not properly before us. *See State v. Steven B.*, 2004-NMCA-086, ¶ 26,

7

136 N.M. 111, 94 P.3d 854 (stating the general proposition that matters not raised in the trial court may not be raised for the first time on appeal). Defendant's argument is also premised on specific language appearing in Section 31-17-1. As described in the preceding portion of our analysis, the restitution component of Defendant's sentence is not premised upon Section 31-17-1. Therefore, we agree with the district court's ruling on this issue.

Second, Defendant challenges the portion of the restitution which corresponds with the destruction of the vehicle on grounds that either the victims or the towing company were partially or wholly to blame, and further contends that the evidence was insufficient to support the sum imposed. However, Defendant failed to develop any evidentiary basis for the application of the suggested principles of comparative liability below. With respect to the sufficiency of the evidence, documents and testimony were presented to the court in support of the entire $7255.95 sum awarded. Although we understand Defendant to take issue with the relative informality of the evidentiary showing at sentencing, "strict evidentiary rules . . . are not rigidly applicable to sentencing hearings." *Lack*, 98 N.M. at 508, 650 P.2d at 30. Where evidence is presented for restitution purposes at sentencing, the defendant must be "given an opportunity to controvert." *Id.* In the present case, Defendant was given his opportunity to present controverting evidence to be considered and weighed by the

metropolitan court. We conclude that Defendant's arguments provide no basis for reversal.

Finally, Defendant contends that restitution was improperly imposed despite his inability to pay. We acknowledge that principles of due process and equal protection require that ability to pay be considered. *See Lack*, 98 N.M. at 507, 650 P.2d at 29 (indicating that inquiry into a defendant's ability to pay restitution is required by due process); *and see generally State v. Jimenez*, 111 N.M. 782, 786, 810 P.2d 801, 805 (1991) (observing that the different treatment of individuals based on ability to pay restitution as a condition of probation invokes due process and equal protection concerns). However, we find no indication Defendant presented evidence that he was unable to pay; he merely contended that a payment plan needed to be set up for the amount he is able to pay. Despite Defendant's claim that he was "blindsided" by the amount imposed, the record clearly reflects that a letter was submitted well in advance of the sentencing hearing in which the sum of $8000 was claimed.

Additionally, the metropolitan court also had before it a presentence report, which should have been available to Defendant. *See Lack*, 98 N.M. at 509, 650 P.2d at 31 (observing that "where . . . the trial judge orders a presentence report, the defendant has a right to prior opportunity to review its contents," and holding that in light of the availability of such a presentence report, the defendant's due process right

to prior notice with respect to restitution was satisfied); *see also Palmer*, 1998-NMCA-052, ¶¶ 15-16 ("the district court was in the best position [to address] the presentence report to determine [d]efendant's ability to pay" where its content is unknown and defendant failed in his obligation to bring the report forth as part of the record for review). Since the presentence report does not appear in the record before us, and because the metropolitan court "was in the best position based upon the information in the presentencing report to determine Defendant's ability to pay," *Palmer*, 1998-NMCA-052, ¶ 16, we will not second-guess the court's ultimate determination on appeal. *See Lujan ex rel. Lujan v. Casados-Lujan*, 2004-NMCA-036, ¶ 20, 135 N.M. 285, 87 P.3d 1067 ("Bedrock principles of appellate law dictate that matters not of record present no issue for review, that *there is a presumption of regularity in the proceedings below*, and that error must be clearly demonstrated." (emphasis added)).

**CONCLUSION**

For the foregoing reasons, we affirm.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

10

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**JAMES W. WECHSLER, Judge**