**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**v.**                                                      **No. 31,520**

**HARLOND HAUCK,**

Defendant-Appellee

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Gary K. King, Attorney General
William Lazar, Assistant Attorney General
Santa Fe, NM

for Appellant

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

The State is appealing from a district court order [RP 419] terminating Defendant's restitution obligation. We issued a calendar notice proposing to affirm. The State has responded with a memorandum in opposition.

Defendant was convicted of aggravated battery in 2008 and given a sentence that included mandatory restitution. [DS 1] The district court thereafter declined to specify restitution because it believed that it lacked jurisdiction because the case was on appeal. [DS 1-2] This Court affirmed Defendant's conviction and mandate was issued in May 2011. [RP 378] Defendant then moved to terminate restitution, relying on a substantial civil settlement he entered into with Victim. [RP 380] The district court terminated restitution. [RP 419] On appeal, the State has argued that a civil settlement does not affect a criminal restitution obligation.

NMSA 1978, Section 31-17-1(B) (2005) required the district court to impose restitution in this case, which it did. [DS 1] Although the district court did not specify the amount of restitution, there is no language in Section 31-17-1 that prohibited the district court from thereafter concluding that a civil settlement was sufficient to satisfy restitution under the circumstances. *Cf. State v. Hubble*, 2009-NMSC-014, ¶ 10, 146 N.M. 70, 206 P.3d 579 (noting that we do not read language into a statute if it makes sense as written). "[R]equiring victim restitution is declarative of [a] public policy to make whole the victim of the crime to the extent possible." *State v. Lack*, 98 N.M. 500, 505, 650 P.2d 22, 27 (Ct. App. 1982). Here, the district court could conclude that the amount of money agreed to in the civil settlement was sufficient to satisfy this public policy. Although an order of restitution does not impair the right to pursue a civil recovery, *see* Section 31-17-1(I), there is nothing prohibiting the district court from terminating restitution based on the amount of money that has been received in a civil settlement.

In its memorandum, the State does not challenge the district court's authority to terminate restitution under these facts. However, even though it is undisputed that the civil judgment formed the basis for the district court ruling, the State requests that we remand for a written explanation of the court's reasoning. *See* § 31-17-1(C) (requiring written statement of reasons for this determination). We decline to do so. The district court's written order, its reference to the pleadings, the tape log, and the State's description of the facts make any additional written clarification unnecessary. *See Dugger v. City of Santa Fe*, 114 N.M. 47, 52, 834 P.2d 424, 429 ("A basic tenet of judicial review is not to exalt form over substance.").

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**MICHAEL E. VIGIL, Judge**