This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39934**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**WILLIAM KALINOWSKI,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**T. Glenn Ellington, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appealed following the entry of an order of restitution. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** The relevant background information has previously been set forth. We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{3}** Defendant continues to argue that the amount of restitution that was ordered by the district court was unsupported by the evidence. [MIO 2, 4-7] However, as we previously observed, [CN 2-3] relative to the amounts that were ordered in the amended judgment and sentence the district court was at liberty to rely on the evidence presented at trial. *See State v. Gardner*, 2003-NMCA-107, ¶ 43, 134 N.M. 294, 76 P.3d 47. We reject Defendant's suggestion that the postjudgment proceedings somehow deprived this evidence of probative value, or otherwise rendered it insubstantial. [MIO 5-6] Insofar as the amounts set forth in the amended judgment and sentence were fundamentally carried forward into the restitution plan, [RP 1832-34] we disagree with Defendant's contention that additional evidence was required to support the district court's decision. *See State v. Lack*, 1982-NMCA-111, ¶ 14, 98 N.M. 500, 650 P.2d 22 (explaining that "the quantum of restitution need not be proven by a preponderance of the evidence as though the sum were being established in a civil action for damages").

**{4}** Defendant further argues that restitution should not have been awarded to one of the victims in light of the fact that it also obtained a civil judgment against him, thereby creating a risk of "double recovery." [DS 6-7] However, double recovery would only arise as a concern in the event of payment without due offset. As illustrated in the district court's order of restitution, [RP 1832-33] Defendant may request and receive appropriate offsets for any payments. *See* NMSA 1978, § 31-17-1(C) (2005) (providing that the district court may modify a restitution plan at any time upon the defendant's request or upon the court's own motion).

**{5}** Finally, Defendant challenges the reasonableness of the payments which the district court ordered. [MIO 7-9] Focusing on the evidence of income and expenses that he presented, Defendant asserts that the district court erred in determining that he is able to pay $300 per month. [MIO 7-9] However, the district court was not bound by Defendant's representations. *See Lack*, 1982-NMCA-111, ¶ 15. Viewing the evidence in the light most favorable to the decision rendered below, the district court may have determined that income should have been imputed to Defendant or that his expenses were susceptible to diminution. *See, e.g., id.* ¶ 21 (holding that the data supplied by the defendant and presented in a presentence report, reflecting that the defendant possessed substantial assets and received monthly income, provided adequate support for the sentencing court's determination of ability to pay restitution). We therefore uphold the district court's decision as within its discretion. *See State v. Steele*, 1983-NMCA-078, ¶ 6, 100 N.M. 492, 672 P.2d 665 ("The restitution statute provides that restitution ordered should be in the amount [the] defendant is reasonably able to pay; that denotes discretion to be exercised by the trial court." (internal quotation marks and citation omitted)); *cf. State v. Barrera*, 2001-NMSC-014, ¶ 12, 130 N.M. 227, 22 P.3d 1177 (explaining that when reviewing for abuse of discretion and substantial evidence on appeal, the Court must resolve all disputed facts and draw all reasonable inferences in favor of the decision rendered below, and disregard all evidence and inferences to the contrary); *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 ("We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citation omitted)). And ultimately, if circumstances are such that Defendant is in fact unable to

pay, he may return to the district court for review of the restitution order. *See* § 31-17-1(C); *State v. Palmer*, 1998-NMCA-052, ¶ 16, 125 N.M. 86, 957 P.2d 71.

**{6}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{7}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**